All rise. The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and its honorable court. Thank you. The first case is Wilson v. Department of Veterans Administration. Mr. Carpenter. Thank you very much, Your Honor. Court of Appeals, Kenneth Carpenter, Carolina Patrons, Douglas Wilson. Mr. Wilson appeals the decision of the Court of Appeals for Veterans Claims seeking an interpretation of 38 U.S.C. 5103A. Mr. Wilson believes that the Veterans Court misinterpreted that statute by negating the VA's duty to inform him of the evidence necessary to substantiate his claim. In this case, Mr. Wilson had obtained a joint remand from the court in a previous proceeding directing that the matter be returned to the board for re-adjudication and specifically— Are you seeking a notification of the likely outcome? No, of the evidence necessary to substantiate the claim, specifically what evidence not previously provided would substantiate the claim. Sorry. And that that is different than asking what the outcome would be. Why don't you, Mr. Carpenter, why don't you just walk us through what notice your client was given from the get-go? There was an original 5103 attempt, if you would say, to satisfy 5103. And what specifically was provided in that notice? Well, what was provided in that notice was the generic notice provided by the VA as to what the elements of a claim are, as has been interpreted by the court below, of incurrence in service, a current disability, and medical nexus evidence relating the current disability. And did the VA have in its possession at the time that it received its substantially complete application, which triggered the 5103 initial notice, did the VA have any information in its possession that bore on the claim? Did they so notify Mr. Wilson? Not that I'm aware of. That's a requirement of the statute, is it not, if they had that information? Yes. And as I understand the way in which the VA has been processing their notification, that they give the notice upon receiving the application and that they do not look to what's in the file before they give that notice. The generic notice. That's correct, Your Honor. But in this case, we're talking about a case that's coming back from the Court of Appeals for Veterans Claims on remand with a specific instruction that the board is to, in the words of the remand, obligated to conduct a critical examination of the justification for its decision and that the board must comply with all provisions of the Veterans Claims Assistance Act. Well, for example, if the VA had, from the time of the original filing and the generic notice, if the VA found in its records something pertinent to the claim, right, your view would be they have an ongoing 5103 obligation to divulge that? Yes. Is there any such evidence in this case? Well, apparently there is, Your Honor, and that was the problem in the original decision is that the board felt that the evidence of, I believe it was a Dr. Hall, was summarily rejected and the VA agreed that the board had not given an adequate explanation as to why that evidence was rejected. They seemed to rely simply on the fact that his opinion was based upon information that was obtained 20 years after the fact. And so then Ms. Lee, who was representing Mr. Wilson, made a specific request to the VA following the remand and indicated in her request that if you determine that there is significant negative evidence on a material issue in the claimant's record, please let my client know what this evidence is and what types of evidence would aid in rebutting this negative evidence, thus substantiating his claim. Now, it seems to me at that point, Your Honor, that they needed to stop and look at what the evidence was and say to the veteran and his representative under 5103A, if you were to submit this type of medical opinion, that would be sufficient to overcome our concerns. So under your interpretation of 5103, there's no point in time in the life of a claim that the 5103 obligation is finally satisfied. It will depend on the facts of any case. You could have 15 years later a remand on a cue or something like this from the CAVC and you would trigger the 5103. That's correct, Your Honor. And particularly in light of the protracted nature of these proceedings, sometimes lasting over decades, it is clear that this has to be an ongoing obligation. Or if you simply limit the obligation as the VA would have it to the very front end. What do you do with Hartman? I know you say in your reply brief Hartman's different because it has a different name on it than the other cases. Hartman says that the purpose of 5103 is to provide for notice prior to the initial decision in the case, citing Mayfield. Right. That would seem to me to pretty much require you to sit down. Well, except that the circumstances that Hartman and in the companion case Dingas arose in were in claims involving the rating, the initial rating in Dingas and the effective date in Hartman. Those were part of the initial proceeding that was under the analysis made by the Veterans Court in Dingas. But my point is I don't see that distinction as having any real bias. And it looked to me as if both Mayfield and Hartman look at this statute as the board, as the CAVC indeed did below when it relied on its previous case, the name of which has slipped me, but I'm certain you know it. They said, look, this 5103 obligation is a piece that comes in, the legislative history supports this, when the substantially complete claim is filed. And that means the veteran says who he is, name, rank, serial number, when he served, what he thinks the malady is, et cetera. At that stage in the game, the secretary is supposed to, I think, scour their records and see if there's anything we have useful to give you. And if they don't give it on the pro forma or the generic answer, they'll give it soon after. And they say this is what you need to substantiate your claim. So you know what a well-grounded claim will be. You know, I don't like that. And that once that's done, it's over. And that then as you work through the system, if the secretary discovers something that they hadn't found, they're supposed to supply it to the veteran, as I understand it, so the veteran can get that piece of information. And as the veteran goes and gets medical exams and whatnot, those medical exams are provided. And then the RO will decide whether the results of that rolling, ongoing investigation are producing fruit as opposed to nothing. But no further 5103 commentary on the quality of your evidence or where it failed. But what distinguishes this case from Hartman and Dingus is that Hartman and Dingus were noticed after the finding of service connection and the initial award of compensation, and there were remaining issues in that claim stream at issue. This is a question that not only deals with the very front end decision on service connection, but more importantly, it arises in the context of a remand from the board. And when the VA enters into a joint remand that says that the VA will agree to comply with notification requirements under the statute, is that simply meaningless language? No. It means that if there never was notice in the first place, then you should have had a problem with the CAVC, right? Absolutely. Bingo, bingo. It should have been a big problem right then. Right. And if there is, on the remand, if the secretary develops information or finds information that hadn't previously been disclosed to the veteran, then there's an obligation to do that. And that's a 5103 obligation, isn't it? Well, that's certainly one way to look at it, Your Honor. But in Mayfield, the court also observed that what the statute and regulation require is that the claimant be given the required information prior to the VA's decision on the claim. Now, certainly you can read that to be the front end decision. But there's already been a decision, and that decision has been appealed. It's been vacated and set back for a new decision. I was having trouble, Mr. Carpenter, figuring out what's at stake here. What's your client going to get, an earlier effective date? No, he's going to get a chance to keep his claim alive because at this point his claim is over with and he loses any opportunity. No, no, he's been remanded. So he went back on the remand. And you're saying something else should have been told on the remand. He should have been told what he was told in the opinion of the BVA. That's correct. As circumstances then and there existed. He should have been told before the BVA issued its opinion, you're going to lose and here's why. Correct. Well, or put another way. Now, why isn't that exactly what you're asking for? Well, I think that is exactly what I'm asking for. I simply would have phrased it in terms of when there is a specific request for what do I need, the VA has an obligation in this non-adversarial system to say to the veteran if you submit. Well, you'd think the obligation would be there whether there's a specific request or not. I mean, a lot of veterans aren't represented by counsel. You're going to make that same argument for a non-represented vet. So the point would be that when the case comes up from the RO and you have the statement of the case and all this and it goes up to the BVA, now maybe after the BVA has its conference, because they typically sit down and talk to the veteran, it's after that that the BVA officer has to look over and say, well, Mr. Wilson, you're going to lose for the following reasons. Is this sort of a last chance? Is that what you're looking for? What's he supposed to do at that point? What's the veteran enabled to do if he gets the notice? Is he able to put in new evidence before the board? Even though it's pending before the board. That's correct. And that is covered under the Kucherowski v. West case that on remand an appellate is entitled to submit additional evidence or argument. But how do you submit additional evidence or argument if you're doing it in the dark? You don't know because you've asked the VA and the VA won't tell you. What role does the letter from his counsel play in this that's at page 45 of the pen? Does this have anything to do with this? I mean, your argument would be the same whether a letter had been sent or not, right? Well, it simply, in our view, triggers an obligation if there wasn't, as Judge Clevenger suggested, an already existing obligation on the part of the VA. That doesn't answer my question. You say that the statute creates an obligation without regard to the letter, right? Yes. So what significance, if any, does the letter have here? It merely reinforces that the veteran took an affirmative action independent of the statute to inquire of the VA, not its adversary, of the information necessary. But that's not required. But the letter is not required, no. I think we got it right on the point when I used the hypothetical of somebody who's coming up from the RO to the BVA and somebody's worked up a statement of the case and made the best effort they can to get Mr. Wilson's case right in front of the BVA. And you have to have a preliminary decision about the problems with that submission because when it's just first filed to the BVA, there's been no decision. So presumably it's after the hearing and the hearing officer is getting ready to write up the BVA opinion. He calls in Wilson or Wilson's counsel and says, Now, I'm about to write an opinion to show you where you're going to lose. I'll show you a draft of it here. Here's the draft. You've got one last chance. And that's what you're saying 5103 requires. Yes. I see I've waited in line for a couple of times. Can I just ask one more question? Which is right back to the first question. You really want to know the analysis. Yes. Yeah. Okay. Thank you. May I please have a question? It appears that Mr. Wilson is asking this court to interpret 5103 subsection A in a way that would be inconsistent with the prior precedent of this court in both the BVA rulemaking decision that this court issued with respect to the specificity request that is making the pre-adjudication request and with respect to this court's decision in Hartman with respect to the continuing obligation request. I think this court in Hartman was very clear and the Veterans Court below was even clearer with respect to how 5103 subsection A fits within this statutory scheme. And the discussion that we've had this morning seems to have left out a whole part of that scheme. And that's the part that takes place after the initial decision is issued. The initial decision under 5104 is required to contain an explanation about the reasons and basis for the decision, but not, which is exactly what Mr. Wilson is seeking here. He wants to know why, what was missing. Well, that's what 5104 requires the regional office to provide. Moreover, when Mr. Wilson or any other claimant is upset with that, then he has the right to file a notice of disagreement, which starts the appellate process. But while the case is on appeal for the board, if there's, forget about remand situations, does the veteran have an opportunity to introduce additional evidence after the RO decision? Absolutely. Yes. Yes, the statutory scheme and even more so the regulatory scheme cover that question thoroughly. The veteran has an opportunity. There are various, actually various regulations which explain to the veteran and to the regional office itself what to do with evidence based upon the timing that is provided by the claimant. So then, assume, for example, an NOD is filed, technically starting the appellate process, but before a statement of the case is issued and evidence is provided along with the NOD. The regional office is required to review that evidence, determine whether additional development is warranted, and if additional development is warranted, it's supposed to conduct that development, and then reissue another decision. We talked about this earlier. So this doesn't fall into the category of a new and material evidence claim. This is just part of the original process. It's supposed to consider this later submitted evidence. New and material evidence only comes in after you've had a final unappealable decision, so that, for example, a claimant submits a claim to the regional office, it's denied, and he never appeals it, never files a notice of disagreement. The period for appeal expires over one year later. He comes in five or six years later. At that point, then, he would have to fulfill new and material evidence obligations. But as long as the controversy is live, there are no requirements to establish new and material evidence requirements. Make sure I understood you correctly. Take the situation where you've had your NOD, your statement of the case, you've had a hearing in front of a BBA officer, and you have a BBA decision. The BBA decision comes down and it says, Mr. Wilson, you lose because there's no evidence in the record of service connection or whatever, okay, on this point. And so at that stage in the game, can Mr. Wilson go out and seek to obtain some evidence that would support his claim on that point? At that stage of the game, I believe that the secretary's duty is to accept evidence and it's a final decision. I'm a little unclear as to what the requirements are. Well, you can petition for a reconsideration. That's where I was going. There may be an opportunity for a motion for reconsideration. I frankly can't give you an answer on that right now as to whether or not the rules allow for documents to come in as part of a motion for reconsideration. But what's important not to overlook here, Your Honor, is that whole process that precedes the issuance of the final board decision in which the type of specificity that's being requested today to occur after the board decision occurs by statute prior to the board decision. In theory, post-nod, your SOC and your supplemental statement that we see sometimes, two supplemental statements, that supposedly is a user-friendly, non-adversarial environment in which somebody at the RO is trying to help the veteran put together the best possible package for the claim, as I understand it. Am I wrong about that? No, no, that's right. But more so, part of the obligations upon a secretary, pursuant to 7105, which is the Statement of the Case Regulation, or statute, I should say, and the implementing regulations, which also provide for a supplemental statement of the case, are designed to provide the claimant appellant with notice of why his claim was denied. That's why you have the very specific requirement of identifying the issues, the reason for the decision, the legal basis for the decision. So that's the type of notice that's really being... And it's, like we indicated, it's been requested of this court before to have this court interpret 5103 subsection A to incorporate that type of notice. But as the court here noted, and as other courts have noted, including this court, there is a statutory scheme in place. The statutory scheme talks to 5103 subsection A as the initial notice in the case that gets the case development going. So 5104 bites after the initial decision of the R.O.? 5104 is the requirement that the initial decision must abide by. That's the initial decision, and it contains the explanation of why... I asked Mr. Carpenter whether there was any cutoff point when 5103A doesn't have any further application. You heard what he said. Where do you cut it off? We think it cuts off at the initial decision. We think this court held as much in Hartman. I'm sorry, what does that mean, it cuts off at the initial decision? I would have thought your position was that there's an obligation to provide a generic notice at the time that the substantially complete application is filed and that that's the end of the 5103 application. 5103 subsection A doesn't limit itself to a specific notice. I don't believe we've ever argued that it was a specific notice. It describes the notice process that takes place after the receipt of a substantially complete application. So hypothetically, a claimant could receive what's been described as 5103 subsection A notice, but also receive a letter from the VA a month later, which could be deemed... But is there an obligation to do that? We're trying to figure out what the obligation is under 5103A. I had understood that the VA's argument could be that there was an obligation at the outset for a generic notice, and to the extent that the process revealed deficiencies in the evidence, the statement of the case, that there would be an opportunity at that point for the veteran to put in additional evidence, he'd be able to do that up to the point that the board rendered its final decision. No. In Hartman, this Court has held that the obligation under 5103 subsection A ends at the time of the initial decision. That's the initial decision of the R.O. That's the initial decision of the R.O. So there's a continuing obligation in the VA's view from the time that the substantially complete application is filed up to the time that the R.O. renders its initial decision. The VA doesn't believe that the notice requirements that they're supposed to provide under 5103 subsection A necessarily have to consist of a single generic document. It's not a question of what's the obligation. Does the VA agree that there is an obligation to provide continuing notice, that it is not sufficient to provide a generic notice when the substantially complete application is filed? The VA believes that 5103 subsection A provides a requirement to provide the necessary notice for each particular case. A case may not require more than a generic notice. Well, what's that mean? It depends on the case. But for purposes of this discussion today, Your Honor, it is important to remember that that issue is not what the VA did prior to the initial decision. I understand. I'm just trying to understand what the scope of the 5103 obligation was. I thought I understood it. I don't understand it anymore. Mr. Hawkey, you said there's nothing in the statute that places a timing on that notice, but it says upon the receipt of a complete or substantially complete application, the Secretary shall notify.  It does, but I'm not sure. It does, and that's what this Court looked toward in Hartman. But the issue presented in Hartman was, does the obligation continue past the initial decision? And the holding was, no, it doesn't. And so what I'm suggesting respectfully for this Court is that is dispositive of the issue presented in this case. We don't need to reach whether the VA needs to provide three particular notices in a particular case as long as they're prior to the initial decision. Mr. Hawkey, didn't we hold in Mayfield that the notice under 5103 doesn't have to be self-contained in a single piece of paper? I believe that's true. Yeah, we can dribble. It can come in bits and pieces. I believe that's true. So the obligation, as the presiding judge points out, by definition has to start upon the filing of a substantially complete application. I mean, that tells you that's a beginning time. It probably doesn't mean the very day of, but soon after. And so the hope would be that you'd have substantial compliance with 5103, right? But in some cases you might not have with the first filing. Maybe the secretary didn't have all the information. And what you're trying to say is that substantial compliance with 5103 has to occur before the first decision. That's correct, Your Honor. All I'm saying is that the VA wouldn't want to restrict itself to a single notice requirement under 5103 subsection A. There may be a situation. I don't understand restrict itself. I mean, this is a pretty significant issue. As I understand it, the VA provides a generic notice to people when it's a substantially complete application. Say, to prove service connection, you have to do this, you have to do that, do the other thing. If there's a continuing obligation up to the time of the RO decision, it seems to me that's closer to what Mr. Carpenter is arguing for, that there has to be a case-specific kind of notice. Well, you know, you have this doctor's assessment and it's really not as clear as it needs to be, so you ought to find another doctor's assessment. I mean, is the VA saying there's that kind of specific notice required by 5103 or does the generic notice satisfy? That's a different question, Your Honor. Now, you've gone from multiple notices to accomplish the requirements under 5103A. I'm trying to understand what the VA's position is.  This is the VA's position. 5103 subsection A would not restrict the VA from satisfying the 5103 subsection A obligation with respect to notice to one specific doctor. That's not addressing my question. The question is not whether the VA is restricted. The question is what is the obligation under 5103. Is it an obligation to give generic notice or does it have to look at the individual veteran's case and provide specific notice of specific things that are missing? No, the former. And this Court has held as much in PVA and rulemaking. That's what I'm trying to distinguish here is I just want to make sure that when Your Honor referenced earlier a single notice, that's not what we're saying. But as far as the specificity of the notice, in other words, where we get to the point where the claimant is really asking for a pre-adjudication based upon the evidence thus far received, that's no, no. That's not what was intended by 5103 subsection A. That's exactly what the information, generic or otherwise, exactly what information is required of the Secretary to give in a 5103 notice. It's the types of evidence that would substantiate a claim. But what's being sought today, in addition to the continuing obligation theory of extending 5103 subsection A beyond the initial decision, what's being sought is the pre-adjudication notice. I understand where Mr. Carpenter is going, but in order to try to help us understand where you are for your client with respect to the question Judge Dyke's been asking, is the so-called generic notice, is there any obligation to ever give anything beyond the generic notice? What's the generic notice? What's it say? Well, I appreciate this Court's using the term generic. I don't believe VA actually provides the same notice to every client. Well, they don't provide the same notice to every claimant. But generally, the goal of the notice is to apprise the claimant of what is required of 5 elements of the claim, what are required to establish the claim. Sometimes that notice will take the form of a more generic form based upon the claim that comes in, and the Secretary doesn't necessarily know what's being sought. And also required under 5103 is if the Secretary has any evidence in his possession that's pertinent or relevant, he's supposed to tell the veteran in the 5103 letter what that is, correct? I'm not sure about that. What the Secretary's supposed to do is identify that evidence that the Secretary believes would be needed and to identify whose responsibility it is to obtain that evidence. The Secretary's not required, as I understand, to identify evidence that it already possesses because they don't need that evidence. They're not really asking the claimant to send them things that they already have. And that comes up a lot because a lot of the claims that come in actually have that. Well, is there any duty, to come back to the presiding judge's first question that he closed again with Mr. Carpenter, is there any obligation under 5103 upon the Secretary to assess the quality to make an assessment of the record? And that's responsible. I think Judge Dyke was looking for earlier, and the answer is no. That type of notice takes place at a later stage in the process, and it's actually specifically required under 5104 and 7105. And then it's during that process, which, again, the court needs to make sure that we take that process into account. That's the process, and that's the point in the adjudication proceeding in which the claimant understands, well, I had three medical reports submitted. Obviously, the regional office didn't think any of them supported my claim. I better do something about that. Because in the 5104 decision and in the 7105 statement of the case and any supplemental statements of the case, that's the type of information that's provided, the reason for the decision and the basis in legal analysis. It becomes case-specific at that point. It does become case-specific. So let me ask again, so I'm not misunderstanding this. My understanding is the VA's position is that up to the time of the RO decision that the 5103 obligation is to provide generic notice of the types of evidence that are required in this type of case rather than to get specific about what evidence is missing with respect to the veteran's particular claim. Based upon my understanding of your question, Your Honor, especially taking into account the preliminaries, yes, that's correct. The specific notice of what was missing from the claim arises at the time the initial decision is issued and is called for in 5104. Once the notice of disagreement is filed, then 7105 instructs the Secretary to provide even more specific detailed information which would allow the claimant at that point to submit evidence. And as I indicated earlier, the regulations cover the whole gamut of what to do with the evidence so that if evidence is submitted in response to the statement of the case but prior to the actual packaging of the record to give to the Board, the Secretary is required to take that evidence and reexamine it before sending the record to the Board. If the evidence comes in after the record has been transmitted to the Board, the Board then takes a look at the evidence and makes a determination of A, whether it believes that the evidence should be sent back along with the entire record before the Board ever looks at it for reconsideration, or B, whether the Board can look at it in the first instance. From a policy point of view, Mr. Hockey, would the sky fall if we accepted Mr. Carpenter's argument and wrote a precedential opinion saying that the 5103 obligation requires the Secretary to assess the quality of evidence on a remand like in this case? I understand your argument based on the statute, etc., etc. I'm just asking you as a matter of policy, is the sky going to fall? Will that row come to an end? It would come to an end. Why is that? In the regulation promulgating 3.159, 66 Federal Register, 45620, and it's discussed in the Hartman-Dinges opinion in detail, which was affirmed again by the precedential decision in this court from Hartman in the non-precedential one in Dinges at page 487 of 19 of that act, the Court and the Secretary went over the reasons why it was not a good idea to have a specific notice at the time or prior to the initial decision, which essentially is what the Court's withholding, as you suggest, would eventually be interpreted as. And again, understand, 800,000 claims were introduced into the VA benefit system last year, fiscal year 96. So to require a pre-adjudicatory type notice and 800,000 claims, I think would essentially shut down the system. Thank you, Mr. Hockey. Mr. Carpenter? I have one more question. I'm confused as to what the practical significance of this is. It strikes me that we're talking about a generic notice at the outset of the claim, that there's a statement of the case from the RO that says, here are the deficiencies in what you submitted. The veteran has yet another opportunity to submit evidence at that point. He can continue to submit evidence up to the point of the board decision, which the board is obligated to consider. And so what's missing here is what you're really asking for is disclosure of the board's thinking on the theory that it might be different than the thinking of the RO, and so that there would be an opportunity to submit additional evidence to the board based on its different thinking. Is that what this is about? Well, not in this case, Your Honor. In this case, Mr. Wilson obtained a remand in which the VA acknowledged that the board hadn't addressed favorable evidence, a medical opinion which related his current disability to his experiences in service. Now when it went back to the board... So in essence, the CAVC gave him the 5103 notice he was looking for. That stays in the game. Except to the extent that... Right? No, Your Honor. Except to the extent that it left it up to the board... Well, sure. They said, this is some stuff that was useful to you, and it was not properly analyzed, so... That's right. And so what his counsel did was to say, before you make your decision, Mr. Board Member, please tell me if there is something negative in this record that needs to be overcome. Is there some deficiency in Dr. Hall's report that doesn't substantiate the claim? And that's something that counsel couldn't have figured out for herself? Well, quite candidly, Your Honor. Ordinarily, when you're looking at a record, by this stage in the game, counsel's involved. They're assessing this record, that. They've got a leg up on this one fellow. They ought to be able to figure out where the warts are in their case otherwise. But in my view, Your Honor, this is not a wart. This is a situation in which the board is, as they did in their first decision, simply relying on the fact that it happened 20 years after the fact. But hasn't it fallen into the adversarial posture once it's been to the CAVC and then being kicked back? I don't believe so. But you're telling me this person, your lawyer, was counsel, right? Oh, yes. So we're out of paternalism, aren't we? It's not my understanding that the paternalism benefit is removed when it goes back on remand. To the contrary, the case law would suggest that it goes back to the non-adversarial system. And the whole notion of the Kucherowski remand to submit additional evidence anticipates that there's going to be some kind of dialogue. There was no dialogue, even though there was an attempt to open up that dialogue. But in the usual case, to come back to my question, in the usual case, the practical significance of this, and the only practical significance of this, is that you want to know what the board is thinking because it might be different than what the RO decided. Certainly, Your Honor, because you have no access to the board, particularly when you don't have a personal hearing. You are simply dealing with paper. And there is no opportunity to get any input from the next review level as to what that next reviewer would want in order to be able to award the benefit. And that everything that had been provided was not provided by the board, but was previously provided by the board. How many cases in front of the BVA have a hearing? The last four or five cases I've seen up here, there was a very extensive hearing record with the hearing officer telling the veteran, well, you've got some good stuff here and some stuff over here that isn't quite so good. I would say of the approximate 40,000 cases, I would say fewer than half have personal hearings. And is there a right to a hearing? Yes, there is. And just for your information, you can actually get it by teleconferencing. You don't have to physically come. I understand that. But is my sense about the... I'm basing this on the last five or six cases I've seen where I've read the hearing transcript. It looked to me like the BVA officer was being as helpful as he or she could possibly be to the veteran in talking about the quality of the evidence being strong here and not so strong there. I'm not sure I'm in a position to offer an assessment. Thank you, Mr. Carpenter.